(Nos. 4776 and 478█ 

CLARE D. SHULL AND CARTER SHULL, A PARTNERSHIP, D/B/A SHULL BROS., AND NOI COLEMAN AND EARL COLEMAN, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed October 22, 1958.*

R. W. DEFFENBAUGH AND LOVE AND KOST, Attorneys for Claimants.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FEARER, J.

The claims of Noi Coleman and Earl Coleman are for personal injuries sustained by Noi Coleman as the result of an accident, which occurred on January 24, 1957, while she was riding as a passenger in the right front seat of a Buick automobile driven by Virginia Shull of Lewistown, Illinois, and owned by Clare D. Shull and Carter Shull, A Partnership, d/b/a Shull Bros., Lewistown, Illinois.

The claim of Shull Bros., A Partnership, is for the total loss of its 1957 Buick automobile. The collision insurance was carried by the Hardware Mutual Insurance Company, and Shull Bros. had a $50.00 deductible policy. Hardware Mutual Insurance Company was not made a party to the claim filed for property damage to the automobile, but would be entitled to their loss in the event of a recovery by Shull Bros.

There seems to be little dispute as to the facts of the accident, which are borne out by the Departmental Report filed in this case and made a part of the record.

On January 24, 1957, Virginia Shull was driving a

1957 Buick in a northerly direction on State Routes Nos. 78 and 97, three miles north of Havana, Illinois, at about the hour of 3:15 P.M. Noi Coleman was riding as a passenger in the right front seat of said automobile.

Chief Warrant Officer John Albert Mandel was driving a 2½ ton Illinois National Guard truck on said highway in a southerly direction. The Illinois National Guard truck was towing a 40MM AA gun to the Illinois National Guard General Depot in Springfield, Illinois. It was, therefore, being used on an authorized trip for respondent.

The stretch of highway where the accident occurred was rough, and the pavement was slippery. On each side of said highway were ditches from thirty to thirty-five feet deep.

As the two vehicles were approaching one another, the hood on the truck became loose and obstructed the driver's vision. The truck swerved back and forth across the center line, and the left rear side of the truck struck the left front of the Buick automobile.

At the moment of impact the Buick automobile was practically stopped, its operator having noticed the swerving of the truck. It was impossible for the Buick automobile to get out of the road of the swerving truck, because of the ditches on the right hand side, being the side upon which the automobile was being driven.

The charges of negligence made are:

1. Excessive speed.
2. Failure to keep the truck, towing the gun, under control.
3. Failure to keep a proper lookout for other vehicles traveling upon the highway.
4. Driving on the left side of the highway.
5. Not yielding one-half of the highway for traffic traveling in the opposite direction.

From the evidence, it appears that, so far as the claimants are concerned, there is no question of contributory negligence, there being very little dispute over the facts. There is no question but what respondent's agent, Chief Warrant Officer John Albert Mandel, was guilty of negligence in the driving and operation of the truck, which was pulling the gun at a speed, which was too fast for the condition of the road at the place where the accident occurred; and that it was the negligent operation of the Illinois National Guard truck, which was the proximate cause of the property damage and personal injuries sustained.

As to the claims of Noi Coleman and Earl Coleman, husband and wife, for out-of-pocket expenses and for personal injuries, it appears from the evidence, and the Commissioner so found, that claimant, Noi Coleman, the passenger in the automobile, received a one inch scar on her right hand, which was not particularly noticeable at the time of the hearing, and a six inch scar on the upper portion of her forehead, which was approximately one-eighth of an inch wide and red in color. The stitches taken in her forehead were visible at the time of the hearing.

Noi Coleman also testified that she received scars, which were concealed by her hair. The Commissioner in his report states that he did not view the scars, which were covered by her hair.

Noi Coleman was confined to the Graham Hospital in Canton, Illinois for approximately one week. She incurred the following expenses: Hospital charges, $187.94; doctor bill, $100.00; drugs, $7.83; ambulance service, $20.00; and nurses fees, $35.00.

She also claims damages to her clothing and personal effects as follows: Coat, $65.00; slip, $5.00; glasses, $18.00; pocket book, $12.00; blouse and skirt, $10.00.

At the time of the accident Noi Coleman and Earl Coleman operated the Spoon River Hotel in Lewistown, Illinois. Mrs. Coleman acted as a part time day clerk. In addition thereto, she performed domestic services. They also made their home in the hotel, and, as a result of the injuries of Noi Coleman, it was necessary to hire domestic help in their home, as well as in the hotel. Mrs. Coleman testified that she was off work from January 24, 1957 to September 18, 1957, and that during such period of time Mr. Coleman hired outside help for the home and hotel at the rate of $25.00 per week. From September 18, 1957 to December 15, 1957 extra help was hired for $20.85 a week. During this period of time a Mrs. Bennett was also hired for miscellaneous work and as a part time day clerk at the rate of $27.00.

Noi Coleman further testified that she has been nervous since the accident, and that the scars had made her self-conscious. However, at the time of the hearing she stated that they no longer bothered her. She further testified that her knees bothered her, but that there was no permanent injury to them, and that the only permanent injury claimed was for the scars.

In case No. 4781, Noi Coleman and Earl Coleman, it appears that the total special damages proven is in the amount of $1,581.82.

In case No. 4776, Clare D. Shull and Carter Shull, A Partnership, d/b/a Shull Bros., a representative of the Hardware Mutual Insurance Company testified that the automobile of Shull Bros. was a total loss. The cost of

8

replacement was $3,616.63. The salvage recovered was in the amount of $1,201.00.

It appears that the Hardware Mutual Insurance Company also paid for the towing and storage of the automobile, which amounted to $54.00. The collision insurance carried by the Shull Bros. was a $50.00 deductible policy. The net loss, including towing and storage, is, therefore, $2,469.63, of which amount Clare D. Shull and Carter Shull, A Partnership, d/b/a Shull Bros., have a deductible interest in the sum of $50.00.

It is, therefore, the order of this Court that awards in the consolidated cases be made as follows:

To Earl Coleman and Noi Coleman, claimants in case No. 4781, the sum of $3,000.00 for personal injuries.

To Hardware Mutual Insurance Company, the insurance carrier for claimants in case No. 4776, Clare D. Shull and Carter Shull, A Partnership, d/b/a Shull Bros., the sum of $2,419.63.

To Clare D. Shull and Carter Shull, A Partnership, d/b/a Shull Bros., claimants in case No. 4776, the amount of $50.00.